UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRENTICE DEVELL WATKINS,

    Petitioner,                          Civil No. 04-CV-72112-DT
                                          HONORABLE ARTHUR J. TARNOW
v.                                            UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

    Respondent,
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO REINSTATE THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE.**

      Prentice Devell Watkins, ("Petitioner"), presently confined at the Oaks Correctional Facility in Eastlake, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his convictions for first-degree murder, M.C.L.A. 750.316; and felony-firearm, M.C.L.A. 750.227b. Respondent filed a motion to dismiss the dismiss the petition for writ of habeas corpus, because it contained two claims which had not been exhausted with the Michigan courts. On March 10, 2005, this Court issued an order holding the petition in abeyance in order to permit petitioner to return to the state courts to exhaust his claims by filing a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.* The Court also administratively closed the case.

      Petitioner has now written a letter to this Court. In this letter and in his

1

*Watkins v. Lafler,* 04-72112-DT

attached pleadings, petitioner indicates that the Jackson County Circuit Court denied his post-conviction motion for relief from judgment on June 23, 2005. Petitioner asks this Court to reconsider the petition that was originally filed in this case. This Court construes the letter as a motion to reinstate the habeas petition. For the reasons stated below, the motion to reinstate the habeas petition is denied without prejudice.

The Court declines to reopen the habeas petition at this point, because petitioner has yet to completely exhaust his state post-conviction remedies. As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Id.*

In this case, although petitioner has been denied post-conviction relief by the Jackson County Circuit Court, he has yet to appeal the denial of this motion to

2

*Watkins v. Lafler,* 04-72112-DT

the Michigan Court of Appeals or to the Michigan Supreme Court. The denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). A criminal defendant in Michigan has twelve months from the denial of a motion for relief from judgment by the trial court to file an application for leave to appeal with the Michigan Court of Appeals. M.C.R. 6.509 (A); M.C.R. 7.205(F)(3). Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of his state post-conviction motion, the petitioner has failed to exhaust his or her state court remedies. *See Cox v. Cardwell,* 464 F. 2d 639, 644-45 (6th Cir. 1972).

In the present case, because petitioner has failed to appeal the denial of his post-conviction motion to the Michigan Court of Appeals or to the Michigan Supreme Court, he has failed to satisfy the exhaustion requirement. *See e.g. Paffhousen v. Grayson,* 238 F. 3d 423, 2000 WL 1888659, * 2 (6th Cir. December 19, 2000)(petitioner failed to fairly present his claims in his Rule 6.500 motion, when he failed to appeal the denial of the motion to the Michigan Court of Appeals and the Michigan Supreme Court)*; Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002)(habeas petitioner failed to satisfy the exhaustion requirement of raising his claims at all levels of state court review, where

*Watkins v. Lafler,* 04-72112-DT

petitioner's application for leave to appeal the denial of his 6.500 motion was rejected by the clerk of the Michigan Supreme Court as being untimely, but exhaustion excused because the petitioner had no available remedy, as the deadline for filing a post-conviction appeal had passed).  In this case, because petitioner has twelve months from the denial of his post-conviction motion by the trial court on June 23, 2005 to file an application for leave to appeal with the Michigan Court of Appeals, petitioner still has an available state court remedy with which to exhaust his claims.  Accordingly, petitioner's motion to reinstate his habeas petition is premature.  However, petitioner is free to ask this Court to reinstate his habeas petition within 60 days of the conclusion of the state court post-conviction proceedings by the Michigan Supreme Court, as per this Court's original opinion and order holding the petition in abeyance.

## ORDER

Based upon the foregoing, the motion to reinstate the habeas petition is **DENIED WITHOUT PREJUDICE.**

                                                <u>s/Arthur J. Tarnow</u>
                                                **Arthur J. Tarnow**
                                                **United States District Judge**

**Dated:  August 30, 2005**
I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2005, by electronic and/or ordinary mail.

                                                <u>s/Catherine A. Pickles</u>
                                               Judicial Secretary