**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PRENTICE DEVELL WATKINS,

      Petitioner,                            Civil No. 04-CV-72112-DT
                                              HONORABLE ARTHUR J. TARNOW
v.                                    UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

      Respondent,
_____/

**OPINION AND ORDER GRANTING AN EVIDENTIARY HEARING AND APPOINTING**
**COUNSEL FOR PETITIONER**

Prentice Devell Watkins, ("Petitioner"), presently confined at the Kinross

Correctional Facility in Kincheloe, Michigan, has filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for first-degree

murder, M.C.L.A. 750.316; and felony-firearm, M.C.L.A. 750.227b. [1]  For the reasons

stated below, the Court will **GRANT** an evidentiary hearing with respect to three of

petitioner's ineffective assistance of counsel claims.  The Court further orders that

counsel shall be appointed to represent petitioner at this evidentiary hearing.  The Court

further orders that counsel shall submit a supplemental brief in support of these

ineffective assistance of counsel claims within sixty days of this order.

---

[1]  When petitioner originally filed his petition for writ of habeas corpus, he was
incarcerated at the Oaks Correctional Facility, but has since been transferred to the
Kinross Correctional Facility.  The only proper respondent in a habeas case is the
habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner
would be the warden of the facility where the petitioner is incarcerated. *See Edwards
Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. §
2254.  Therefore, the Court substitutes Warden Jeffrey Woods in the caption.

*Watkins v. Lafler,* 04-72112-DT

### I.  Background

On November 4, 1999, petitioner pleaded guilty to one count of open murder and to one count of felony-firearm.  Four days later, the parties conducted an evidentiary hearing to determine the degree of murder that petitioner was guilty of.

On November 17, 1999, the Jackson County Circuit Court judge found petitioner guilty of first-degree murder.  Petitioner was subsequently sentenced to life imprisonment without parole on the first-degree murder conviction to be served after a two year sentence on the felony-firearm conviction.

Petitioner moved to withdraw his guilty plea, which was denied by the trial court. Petitioner also filed a motion in the Michigan Court of Appeals to have his case remanded to the trial court for an evidentiary hearing on his ineffective assistance of counsel claims, which was denied. *People v. Watkins,* No. 225572 (Mich.Ct.App. August 25, 2000).  Petitioner's conviction was subsequently affirmed on appeal. *People v. Watkins,* 247 Mich. App. 14; 634 N.W. 2d 370 (2001); *aff'd* 468 Mich. 233; 661 N.W. 2d 553 (2003).

Petitioner then filed a petition for writ of habeas corpus with this Court. Respondent filed a motion to dismiss the petition for writ of habeas corpus, because it contained two claims which had not been exhausted with the Michigan courts.  On March 10, 2005, this Court issued an order holding the petition in abeyance in order to permit petitioner to return to the state courts to exhaust his claims by filing a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.*  The Court also administratively closed the case.

*Watkins v. Lafler,* 04-72112-DT

Petitioner subsequently filed a motion for relief from judgment with the trial court,

in which he raised several additional ineffective assistance of counsel claims.  The

motion was denied by the trial court. *People v. Watkins,* No. 99-94247-FC (Jackson

County Circuit Court, June 23, 2005).  The Michigan Court of Appeals dismissed

petitioner's post-conviction appeal, because petitioner had failed to comply with M.C.R.

7.201(B)(3) and M.C.R. 7.216(A)(1) by providing the Michigan Court of Appeals with a

current register of actions and with four additional copies of his original application for

leave to appeal. *People v. Watkins,* No. 271300 (Mich.Ct.App. October 6, 2006).  The

Michigan Supreme Court denied petitioner leave to appeal. *People v. Watkins,* 477

Mich. 1111, 730 N.W.2d 220 (2007).

Petitioner's habeas petition was subsequently reinstated by this Court. Petitioner

now seeks habeas relief on the following grounds:

> I.  Mr.Watkins' Fifth Amendment right to remain silent and compelling a
> criminal defendant to testify against himself was violated by the trial court
> where the trial court called Mr. Watkins to the stand and compelled him to
> testify at the degree hearing.
>
> II.  Mr. Watkins was denied a fair trial and his convictions must be
> reversed where his Sixth Amendment right to the effective assistance of
> counsel was violated by defense counsel's advice to plead guilty, failure to
> object to having a bench trial, failure to object to hearsay testimony, failure
> to advise defendant of the important rights that would be lost by pleading
> guilty, failure to object to prosecutorial misconduct, and conflict of interest.
.
> III.  Mr. Watkins' Fourteenth Amendment right to a fair trial was violated by
> the trial court, where the trial court allowed in insufficient evidence to
> support the trial court's conclusion that the defendant was guilty, and
> furthermore, there were no objections by the prosecution, the trial court, or
> defense counsel to having a bench trial.

*Watkins v. Lafler,* 04-72112-DT

## II.  Discussion

**The Court will grant petitioner an evidentiary hearing on three of his ineffective assistance of counsel claims.**

Petitioner raises several ineffective assistance of counsel claims in his second claim. The Court will grant an evidentiary hearing on three of these claims.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.*  In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id.*  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

Petitioner first contends that counsel was ineffective for advising him to plead guilty to open murder, rather than advising him to go to trial.

Under Michigan law, it is proper to charge a defendant with the crime of open murder.  Such a charge gives a circuit court jurisdiction to try a defendant on first and second degree murder charges. *See Taylor v. Withrow,* 288 F.3d 846, 849 (6th Cir.

4

*Watkins v. Lafler,* 04-72112-DT

2002); *See also Williams v. Jones,* 231 F. Supp. 2d 586, 589 (E.D. Mich. 2002)(*citing*

M.C.L.A. 750.316, 750.318; *People v. McKinney*, 65 Mich. App. 131, 135; 237 N.W. 2d

215, 218 (1975)).  However, if a defendant pleads guilty to open murder, the trial judge

conducts a hearing to determine whether the crime committed was first or second

degree murder. *People v. Middleton*, 22 Mich.App. 694, 696; 177 N.W.2d 652 (1970).

By pleading guilty to open murder, a defendant exposes himself to the possibility, as

occurred here, that the trial court judge will find him guilty of first-degree murder and

impose a mandatory nonparolable life sentence as required by Michigan law.

Petitioner's claim that counsel was ineffective for advising him to plead guilty to an open

murder charge that exposed him to a nonparolable life sentence states a colorable

claim. *See e.g. Miller v. Straub,* 299 F. 3d 570 (6th Cir. 2002)(counsels' advice to

juvenile defendants to plead guilty to first-degree murder, in an attempt to obtain a

juvenile disposition, was ineffective, where the Michigan Court of Appeals reversed the

juvenile sentences and ordered the defendants to be sentenced as adults to life

imprisonment without parole); *Lyons v. Jackson,* 299 F. 3d 588 (6th Cir. 2002)(same).

   In rejecting this claim on appeal, the Michigan Court of Appeals indicated that

they would only review the claim from the record, because petitioner had failed to move

for a new trial or a *Ginther* hearing. [2] *People v. Watkins,* 247 Mich. App. at 30.

However, as mentioned above, petitioner's request to have the Michigan Court of

Appeals remand the matter to the trial court for an evidentiary hearing on this matter

---

   [2]   *People v. Ginther*, 390 Mich. 436, 443; 212 N.W. 2d 922 (1973).

*Watkins v. Lafler,* 04-72112-DT

was denied.  Petitioner thus attempted to obtain an evidentiary hearing on this claim in state court.

Petitioner also claims that counsel was ineffective for failing to investigate petitioner's mental illness history, which shows that petitioner had previously been placed in a mental hospital in Bowling Green, Kentucky and had been declared incompetent to stand trial in a prior criminal case.  Petitioner claims that an investigation into his mental health history would show that he was not competent to plead guilty.  A defendant may not be put to trial unless he or she has a sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding and a rational as well as a factual understanding of the proceedings against him or her. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996).  The competency standard for pleading guilty is the same as the competency for standing trial and is not a higher standard. *Godinez v. Moran*, 509 U.S. 389, 398 (1993).  Petitioner's claim that counsel was ineffective for failing to investigate into whether he was not competent to enter a plea of guilty, if true, would state a claim upon which habeas relief could be granted.

Petitioner also claims that his trial counsel labored under a conflict of interest, because two other persons who were present at the crime scene attempted to retain petitioner's counsel to represent them in regards to these charges.  Defense attorneys owe their clients a duty of loyalty, including the duty to avoid conflicts of interest. *Strickland v. Washington,* 466 U.S. at 688(*citing to Cuyler v. Sullivan,* 446 U.S. 335, 346 (1980)).  A criminal defendant is entitled to effective assistance of counsel that is free from conflict. *See Holloway v. Arkansas,* 435 U.S. 475, 483-84 (1978); *Robinson v.*

6

*Watkins v. Lafler,* 04-72112-DT

*Stegall,* 343 F. Supp. 2d 626, 633 (E.D. Mich. 2004).  Conflicts of interest for attorneys

representing criminal defendants are generally grouped into three categories: (1)

concurrent representation (also referred to as joint, multiple, or simultaneous

representation) of clients with conflicting interests, (2) successive representation of

clients with conflicting interests (*i.e.*, when counsel has previously represented a

co-defendant or trial witness), and (3) conflicts that pit the attorney's personal interests

against those of the defendant. *See Rugiero v. U.S.,* 330 F. Supp. 2d 900, 905 (E.D.

Mich. 2004)(internal citations omitted).  Petitioner's claim, if true, could entitle him to

habeas relief.

Petitioner raised these last two ineffective assistance of counsel claims in his

post-conviction motion for relief from judgment.

A federal court must grant an evidentiary hearing to a habeas corpus applicant if:

(1) the merits of the factual dispute were not resolved in a state hearing;
(2) the state factual determination is not fairly supported by the record as a whole;
(3) the fact finding procedure in state court was not adequate to afford a full and fair hearing;
(4) there is a substantial allegation of newly discovered evidence;
(5) material facts were not adequately developed at a state court hearing; or
(6) for any reason it appears that state trier of fact did not afford applicant a full and fair fact hearing.

*Townsend v. Sain*, 372 U.S. 293, 313 (1963); 28 U.S.C.A. § 2243.

One of the provisions of the Antiterrorism and Effective Death Penalty Act

(AEDPA) states that if an applicant for a writ of habeas corpus has failed to develop the

factual basis of a claim in state court proceedings, the court shall not hold an evidentiary

hearing on the claim unless the applicant shows that:

*Watkins v. Lafler,* 04-72112-DT

(A) the claim relies on:

(I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.§ 2254 (e)(2).

Under the opening clause of § 2254 (e)(2), a failure to develop the factual basis of a claim by a habeas petitioner is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or prisoner's counsel. *Williams v. Taylor*, 529 U.S. 420, 432 (2000).  Diligence for purposes of the opening clause of this subsection of the AEDPA depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend upon whether those efforts would have been successful. *Id.* at 435.  Diligence will require that the petitioner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law. *Id.*

Federal-state comity is not served by stating that a prisoner has "failed to develop the factual basis of a claim" where he was unable to develop his or her claim in state court despite diligent efforts to do so.  In that circumstance, an evidentiary hearing is not barred by U.S.C.§ 2254 (e)(2). *Williams*, 529 U.S. at 437; *See also Gonzalez v. Phillips,* 147 F. Supp. 2d 791, 802-803 (E.D. Mich. 2001).  If there is no lack of diligence at the relevant stages in the state proceedings, a petitioner has not failed to develop the

8

*Watkins v. Lafler,* 04-72112-DT

facts under the opening clause of the AEDPA governing whether a federal habeas

petitioner may obtain an evidentiary hearing on a claim for which a petitioner has failed

to develop a factual basis in state court proceedings, and petitioner will be excused from

showing compliance with the balance of the subsection's requirements. *Id.*

Petitioner is entitled to an evidentiary hearing, because his claims, if true, would

entitle him to habeas relief.

The Court further finds that petitioner exercised due diligence in attempting to

obtain a hearing on these claims in the Michigan courts.  With respect to his claim

involving counsel's advice to plead guilty to the open murder charge, petitioner filed a

motion to remand with the Michigan Court of Appeals as part of his direct appeal for an

evidentiary hearing on this claim.  Petitioner has shown due diligence to obtain an

evidentiary hearing on this claim.

With regard to his claims involving counsel's failure to investigate whether

petitioner was mentally competent to plead guilty and whether counsel was laboring

under a conflict of interest, petitioner raised these claims in his post-conviction motion

for relief from judgment and subsequently in his post-conviction appeals.  Petitioner also

filed a motion to remand with the Michigan Court of Appeals with respect to these

claims.  "[S]ection 2254(e)(2) bars evidentiary hearings only if it was the *petitioner's* fault

that the factual record was not developed in state court." *James v. Brigano,* 470 F. 3d

636, 642 (6th Cir. 2006)(emphasis original).  "[W]here it is the state's fault that the

habeas factual record is incomplete, the federal district court may grant a hearing under

the AEDPA." *Gonzalez,* 147 F. Supp. 2d at 803.

*Watkins v. Lafler,* 04-72112-DT

From the record below, it is obvious that any failure to develop petitioner's

ineffective assistance of counsel claims involving his competency to plead guilty and a

possible conflict of interest was the fault of the state trial and appellate courts, not

petitioner's. *James,* 470 F. 3d at 642.  In light of the fact that petitioner was proceeding

*pro se* in his post-conviction proceedings before the trial and appellate courts, petitioner

"made his complaints known to the" state trial and appellate courts regarding his

ineffective assistance of counsel claims "in as clear terms as he could have been

expected to manage." *James,* 470 F. 3d at 642.  Moreover, "[D]iligence for purposes of

§ 2254(e)(2) depends upon 'whether the prisoner made a reasonable attempt, in light of

the information available at the time, to investigate and pursue claims in the state

court.'" *McAdoo v. Elo*, 365 F. 3d 487, 500 (6ᵗʰ Cir. 2004)(*quoting Williams*, 529 U.S. at

435).  "[G]iven the less stringent standards and active interpretation that are afforded to

the filings of pro se litigants,"*See Caver v. Straub,* 349 F. 3d 340, 347 (6ᵗʰ Cir. 2003),

this Court believes that petitioner "made a reasonable attempt" to fairly present his

ineffective assistance of counsel claims to the state courts and to develop the factual

record for these claims, so as to entitle him to a hearing in federal court. ³  Because this

Court is ordering an evidentiary hearing, counsel will be appointed for Petitioner

pursuant to 18 U.S.C. § 3006A(a)(2)(B) and 28 U.S.C. § 2254 Rule 8(c).  Appointment

---

³ In light of petitioner's *pro se* status with regard to his state post-conviction appeal, this Court finds that petitioner fairly presented his claims to the Michigan Court of Appeals, in spite of the fact that he failed to strictly comply with the appellate court rules by filing a register of actions and sufficient copies of his appeal brief with the Michigan Court of Appeals.

10

*Watkins v. Lafler,* 04-72112-DT

of counsel in a habeas proceeding is mandatory if the district court determines that an

evidentiary hearing is required. *See Lemeshko v. Wrona,* 325 F. Supp, 2d 778, 787

(E.D. Mich. 2004).

The Court will also order petitioner's counsel to file a supplemental brief with

regards to these three allegations of ineffective assistance of counsel within sixty days

of this order.

### III. ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that an evidentiary hearing

shall be conducted on the allegations of ineffective assistance of counsel delineated by

this Court in its order.

IT IS FURTHER ORDERED that counsel shall be appointed to represent

petitioner.

IT IS FURTHER ORDERED that counsel shall file a supplemental brief in support

of these three ineffective assistance of counsel claims within sixty days of this order.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: January 25, 2010


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on
January 25, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

11